IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GUIMERFE, INC.<br><br>Plaintiff<br><br>vs<br><br>ROSA PEREZ-PERDOMO in her official capacity as Secretary of the Puerto Rico Health Department,<br>RYDER MEMORIAL HOSPITAL and HOSPICIO SAN LUCAS<br><br>Defendants | CIVIL 08-1243CCC |

# O R D E R

     Plaintiff Guimerfe, Inc. filed this action on February 27, 2008 challenging on federal constitutional and antitrust grounds the regulatory scheme by which the Commonwealth of Puerto Rico controls the establishment and relocation of home care facilities. According to the allegations of the complaint, in March 2004 plaintiff applied for the issuance of a Certificate of Necessity and Convenience (CNC) under the applicable Puerto Rico law and regulations for a pediatric home care facility to serve the eastern region of Puerto Rico, which was denied in July 2007. Plaintiff avers that the requested CNC was denied by defendant Rosa Pérez-Perdomo, the Commonwealth's Secretary of Health, despite it having complied with all the requirements established in the law and regulations, as a result of the opposition presented to it by defendants Ryder Memorial Hospital and Hospicio San Lucas which allegedly want to exclude it from entering the home care market. According to plaintiff, the latter two defendants are the dominant companies that currently provide homecare services for adults in Puerto Rico and they oppose every CNC application for the establishment of homecare facilities in order to exclude competition and perpetuate a market monopoly.

     Before the Court now is a Motion for Temporary Restraining Order filed by plaintiff together with its complaint (**docket entry 2**). Under Federal Rule of Civil Procedure 65(b)(1), "[t]he court may issue a temporary restraining order without written or oral notice

CIVIL 08-1243CCC                                              2

to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff's motion, however, has failed to comply with both of Rule 65(b)(1)'s requirements. For one thing, no showing of irreparable injury has been made. While plaintiff alleges in its motion that irreparable injury was caused to it by the loss of thousands of dollars in revenue and of contracts with providers, Motion at ¶ 10, and to the "children of the area since they have been long awaiting and expecting pediatric home care services in their area," Motion at ¶ 11, it fails to explain how these conditions, admittedly only economic as to it (see Complaint, ¶ 8) and which presumably have been present since the denial of the CNC back in July 2007, have suddenly transformed into "immediate and irreparable injury, loss, or damage" seven months later in February 2008. For another, plaintiff's attorney has failed to certify what efforts he has made to give notice to the adverse party and the reasons why notice should not be required in this instance.

     Accordingly, plaintiff's Motion for Temporary Restraining Order (**docket entry 2**) is DENIED. This case will continue as an ordinary civil action.

     SO ORDERED.

     At San Juan, Puerto Rico, on March 4, 2008.

                                                      S/CARMEN CONSUELO CEREZO
                                                      United States District Judge